UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRITTANY D. MYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:07-CV-857 CEJ |
| ) | |
| FEDERAL EMPLOYEES GROUP ) | |
| LIFE INSURANCE CO., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Metropolitan Life Insurance Company for leave to amend its counterclaim and cross-claim to join Lolita S. Myers and Officer Funeral Home, Inc. as third-party defendants and to interplead the Federal Employees Group Life Insurance Company (FEGLI) proceeds at issue in this action. Plaintiff has not responded to the motion, and the time allowed for doing so has elapsed.

**Background**

In this action, plaintiff Brittany Myers seeks a declaratory judgment that she and her sister, Lolita S. Myers, are entitled to collect equal shares of the proceeds of a life insurance policy held by their biological father, Larry Myers. That policy was issued through the Federal Employees' Group Life Insurance (FEGLI) program, pursuant to the Federal Employees' Group Life Insurance Act (FEGLIA), 5 U.S.C. § 8701. The policy is administered by defendant Metropolitan Life Insurance Company. Brittany Myers has

produced a document purportedly designating her and Lolita Myers as the beneficiaries of the policy proceeds, which total $306,000.

Defendant Marsha McCline (also known as Marsha Ann Myers) asserts that the FEGLI beneficiary designation form produced by Brittany Myers is forged and fraudulent, and therefore invalid. Ms. McCline also states that she cannot admit or deny that Brittany Myers is the biological child of Larry Myers. Ms. McCline claims that she is the lawful surviving spouse of Larry Myers, although they were separated for some years before his death, and that in the absence of a valid beneficiary designation form, she is the rightful beneficiary of the policy.[1]

Defendant Metropolitan Life Insurance Company (Met Life) administers the claims process of the FEGLI program. Met Life states that it denied Brittany Myers' claim to the policy proceeds and believes that the proper beneficiary of Larry Myers' life insurance policy is defendant McCline. Met Life states that it is prepared to pay the policy benefits to the rightful beneficiary. Met Life brings a counterclaim and cross-claim in which it asks the Court to declare the rightful beneficiary or beneficiaries and to release Met Life from any further liability for FEGLI benefits payable under Larry Myers' policy.

---

[1] FEGLIA provides an order of payment for the proceeds of a life insurance policy. 5 U.S.C. § 8705(a). If there is no valid beneficiary designation, the widow or widower of the policyholder is the beneficiary, and if no widow or widower, the child or children of the employee receive(s) the benefits. Id.

In the instant motion, Met Life seeks leave to amend its counterclaim and cross-claim to join Lolita S. Myers and Officer Funeral Home, which has demanded that Met Life pay Myers' funeral expenses out of the proceeds of the life insurance policy.[2] Met Life also seeks leave to interplead the FEGLI proceeds at issue in this action and believes that the interpleader requires the joinder of Lolita Myers and Officer Funeral Home. Met Life asks the Court to grant leave to interplead the FEGLI proceeds and deposit them with the Court, to dismiss plaintiff's claims against Met Life, and to dismiss Met Life's counterclaim and cross-claim and discharge it from any further liability regarding the FEGLI proceeds.

**Legal Standard**

Rule 13(f), Fed. R. Civ. P., provides that a party may obtain leave of court to amend pleadings to assert a counterclaim that was omitted "through oversight, inadvertence, or excusable neglect, or if justice so requires." Leave to amend to plead an omitted counterclaim should be freely granted, especially when the omitted counterclaim is a compulsory counterclaim that arises from the same transaction or occurrence as other claims in suit. Wayzata Bank & Trust Co. v. A&B Farms, 855 F.2d 590, 594 (8th Cir. 1988). The Court also has discretion to grant leave to amend a counterclaim pursuant to Rule 15(a)(2), Fed. R. Civ. P., and such leave should be freely given when justice so requires.

---

[2] Met Life has produced a document, purportedly executed by Lolita Myers, that assigns a portion of the insurance proceeds to Officer Funeral Home.

**Interpleader**

Rule 22(a)(2), Fed. R. Civ. P., provides that a defendant that may be exposed to double or multiple liability may seek interpleader through a counterclaim or cross-claim and may join as parties any persons holding the claims that could give rise to such multiple liability.

Interpleader under Rule 22 is "a procedural device that allows a disinterested stakeholder to bring a single action joining two or more adverse claimants to a single fund. . . . Interpleader is an equitable remedy designed to protect the stakeholder from multiple, inconsistent judgments and to relieve it from the obligation of determining which claimant is entitled to the fund. . . . [A] defendant can bring an interpleader action as a counterclaim against the plaintiff and may join additional parties under the joinder provisions of" Rules 19 and 20. Coastal Rehabilitation Services, P.A. v. Cooper, 255 F.Supp.2d 556, 557 (D.S.C. 2003) (citations omitted).

Interpleader "is often used in cases involving disinterested insurance companies and claimants asserting entitlement to insurance proceeds." Angst v. Royal Macabees Life Ins. Co., 77 F.3d 701, 704 (3d Cir. 1996) (citations omitted). "Whenever conflicting claims are presented that promote uncertainty, Defendant can pay the proceeds into the registry of the Court and file an action in interpleader." Butler v. Metropolitan Life Ins. Co., 500 F.Supp. 661, 664 (D.D.C. 1980), superseded on other grounds by enactment of

4

FEGLIA, 5 U.S.C. § 8701 *et seq.* See also Mobley v. Metropolitan Life Ins. Co., 907 F.Supp. 495, 498 (D.D.C. 1995).

The Court finds that Met Life's proposal to interplead the FEGLI proceeds and deposit them in the Court registry is the proper course of action. Plaintiff Brittany Myers and defendant Marsha McCline have adverse interests, as each claims to be the rightful beneficiary of Larry Myers' life insurance policy. The Court will grant Met Life's motion to amend the counterclaim and cross-claim to interplead the FEGLI proceeds in the amount of $306,000.

**Joinder**

Rule 19(a)(1)(B), Fed. R. Civ. P., requires joinder of persons "if (A) in that person's absence, the court cannot afford complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (I) as a practical matter impair or impede the person's ability to protect their interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." The person to be joined must be subject to service of process, and his or her joinder must not divest the Court of subject-matter jurisdiction.

Lolita S. Myers is purportedly the biological daughter of Larry Myers and is a named beneficiary under the FEGLI beneficiary designation form produced by Brittany Myers. If that form is found to be valid, Lolita S. Myers would be entitled to receive 50 percent of the policy proceeds. Officer Funeral Home, according to

Met Life, has made a claim to a portion of the proceeds of the FEGLI policy that allegedly were assigned to it by Lolita Myers. The Court finds that the failure to join Lolita Myers and Officer Funeral Home could impair their ability to protect their potential interests. In their absence, the Court cannot afford complete relief among existing parties in this dispute over the proper beneficiaries of the policy. Additionally, the failure to join Officer Funeral Home and Lolita Myers would leave Met Life subject to a risk of incurring multiple or inconsistent obligations relating to the policy. The Court finds that Lolita Myers and Officer Funeral Home should be joined as parties to this action.

To the Court's knowledge, both Lolita Myers and Officer Funeral Home are subject to service of process. Their joinder will not destroy subject-matter jurisdiction, as the Court has federal question jurisdiction in this action, arising under 29 U.S.C. § 1132(e)(2).

Met Life asks the Court to dismiss the complaint against it and to dismiss the counterclaim and cross-claim. The Court will do so upon the deposit of funds into the Court registry. Finally, Met Life asks the Court to permanently enjoin all parties in this action from instituting any further proceeding against Met Life concerning the FEGLI proceeds. The Court finds that an injunction is not required at this time to protect Met Life from future liability and will deny this request.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Metropolitan Life Insurance Company for leave to amend the counterclaim and cross-claim to join Lolita Myers and Officer Funeral Home as third-party defendants, and to interplead and deposit funds into the registry of the Court [# 52] is **granted in part.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall accept funds in the amount of $306,000.00 from defendant Metropolitan Life Insurance Company.

**IT IS FURTHER ORDERED** that the Clerk of Court shall deposit such amounts in an interest bearing account until further order of this Court.

**IT IS FURTHER ORDERED** that the request of defendant Metropolitan Life Insurance Company for injunctive relief is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of July, 2008.